UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARY BEHNKE,

    Plaintiff,

v.

ANHEUSER-BUSCH
COMMERCIAL STRATEGY,
LLC, *et al.*,

    Defendants.

:

Case No. 2:21-cv-4121
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

:

:

## OPINION & ORDER

Plaintiff Mary Behnke alleges, *inter alia*, that Defendants Anheuser-Busch Commercial Strategy, LLC and Teamsters Local 284 retaliated against her for filing for workers' compensation benefits, in violation of Ohio Rev. Code § 4123.90. (ECF No. 1, ¶¶ 225–33.) Anheuser moves to dismiss that claim, arguing that Ms. Behnke's claim is time-barred. (ECF No. 14.) Ms. Behnke has responded (ECF No. 16), and Anheuser replied (ECF No. 20). The matter is ripe for consideration. For the reasons set forth below, Anheuser's Motion to Dismiss is **GRANTED**. (ECF No. 14.)

I.     **BACKGROUND**

All well-pled factual allegations in the Complaint (ECF No. 1) are considered as true for purposes of the Motion to Dismiss. *See Gavitt v. Born*, 835 F.3d 623, 639–

40 (6th Cir. 2016). The following summary draws from the allegations in the Complaint.

Ms. Behnke is an employee of Anheuser and a member of Teamsters. (*Id.*, ¶¶ 20, 23.) From 2019 to January 2020, Ms. Behnke served as a Teamsters union steward. (*Id.*, ¶¶ 24, 114.)

In September 2019, Anheuser cleaned an area in its facility over Ms. Behnke's work area—moving chemicals, particles, and dust—which resulted in her experiencing breathing problems for which she was hospitalized. (*Id.*, ¶¶ 89–91.) Ms. Behnke applied for workers' compensation for her injuries and the Bureau of Workers' Compensation approved her application. (*Id.*, ¶¶ 96–97.)

Then came what Ms. Behnke alleges is retaliation. First, on January 8, 2020, Anheuser gave Ms. Behnke a write-up for leaving her work area to perform a union investigation. (*Id.*, ¶ 102.) Second, in or around January 2020, Anheuser and Teamsters took away Ms. Behnke's union steward duties. (*Id.*, ¶ 114.) In response to these actions, on February 8, 2021, Ms. Behnke sent a notice to Anheuser regarding her willingness to file a lawsuit. (*Id.*, ¶ 157.) She received her Right to Sue Letter in May 2021. (*Id.*, ¶ 12.)

She filed a Complaint with this Court on August 6, 2021. (ECF No. 1.) Anheuser argues that Ms. Behnke's workers' compensation retaliation count fails to state a claim upon which relief can be granted. (ECF No. 14.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim

2

with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

### III. ANALYSIS

In its Motion to Dismiss, Anheuser argues that Ms. Behnke's retaliation claim is untimely. (ECF No. 14.) Anheuser's argument is well-taken and warrants

3

dismissal of Count V of Ms. Behnke's Complaint.[1]

### A. Ms. Behnke fails to meet § 4123.90's timing requirements.

Under the plain text of § 4123.90, a plaintiff must provide its employer with "written notice of a claimed violation . . . within ninety days [of the punitive action]" and file suit "within one hundred eighty days" of the punitive action. OHIO REV. CODE ANN. § 4123.90 (West). Because the statute sets forth a time for filing, these deadlines are conditions precedent to jurisdiction. *See Coon v. Tech. Constr. Specialties, Inc.*, 9th Dist. Summit No. 24542, 2010-Ohio-417, ¶ 10; *see also Jakischa v. Cent. Parcel Express*, 106 F. App'x 436, 438 (6th Cir. 2004). Stated differently, if the deadline is not met, the Court is deprived of jurisdiction and must dismiss the action. *Jakischa*, 106 F. App'x at 438.

Here, Ms. Behnke did not meet either of § 4123.90's deadlines. Both retaliatory actions—Anheuser's write-up and removal of Ms. Behnke's union steward duties—took place in or around January 2020. (ECF No. 1, ¶¶ 102, 114.) Therefore, presuming that they occurred on January 31, 2020, Ms. Behnke was required to provide Anheuser written notice of a claimed violation of § 4123.90 by April 30, 2020, and file suit by July 29, 2020. *See* OHIO REV. CODE ANN. § 4123.90 (West). She did not provide written notice of a claimed violation until February 8, 2021 and did not file suit until August 6, 2021. (ECF No. 1.) This untimely notice

---

[1] "A federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999). Therefore, in reaching this conclusion, this Court applies Ohio law to Ms. Behnke's § 4123.90 claims.

and filing create a jurisdictional defect. As a result, § 4123.90's plain text requires dismissal of Ms. Behnke's retaliation claim.

### B. Ms. Behnke's contrary arguments are unpersuasive.

Ms. Behnke contends that her claim is timely for two reasons. First, she relies on the continuing violation doctrine. (ECF No. 16, PageID 108–10.) Second, she cites adverse actions that occurred after January 2020. (*Id.*, PageID 110.) Both are unpersuasive.

#### 1. The continuing violation doctrine does not apply to this case.[2]

As to the continuing violation doctrine, Ms. Behnke asserts that, because she continues to suffer adverse consequences from the write-up and Anheuser's failure to reinstate her as a union steward, the last of the punitive actions occurred within the time required by § 4123.90. (*Id.*, PageID 108–10.) Ms. Behnke also asserts that the adverse actions only end when her employment ends or "if Anheuser reinstates [her] steward duties." (*Id.*, PageID 108.)

The continuing violation doctrine originated in *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380 (1982). It entitles a plaintiff "to have the court consider

---

[2] As this Court has recognized, the Sixth Circuit may be moving away from the application of the discovery rule. *See J.H. v. Ohio Dept. of Jobs and Family Services*, 2021 WL 5240231, *2 n.2 (S.D. Ohio 2021) (Sargus, J.) (citing *Dibrell v. City of Knoxville, Tenn.*, 984 F.3d 1156, 1162 (6th Cir. 2021) (contrasting the occurrence rule with the discovery rule and observing that "[a]ny presumption favoring the discovery rule, the [Supreme] Court recently clarified, represents a bad wine of recent vintage" (internal quotation marks and citations omitted))); *see also Everly v. Everly*, 958 F.3d 442, 460 (6th Cir. 2020) (Murphy, J., concurring) (maintaining that "[h]istorically, courts used the occurrence rule"). However, until further clarification from the Sixth Circuit, the Court continues to follow the existing precedent's instructions on when to employ the rule.

all relevant actions allegedly taken pursuant to the employer's discriminatory policy or practice, *including those that would otherwise be time barred.*" *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003) (citation omitted) (emphasis added). Application of the doctrine is limited. "Courts have recognized only two narrow exceptions of continuing violations that [ ] toll the running of the statute of limitations: (1) an ongoing series of discriminatory acts; and (2) a long-standing policy of discrimination." *Chapa v. Genpak, L.L.C.*, 10th Dist. Franklin No. 12AP-466, 2014-Ohio-897, ¶ 99 (citing *Dendinger v. Ohio*, 207 Fed.Appx. 521, 526 (6th Cir.2006)).

In response, Anheuser argues that the continuing violation doctrine does not apply to § 4123.90 claims. (ECF No. 20, PageID 123.) On this, Ohio precedent is unclear. The Court will assume *arguendo* that it does because Ms. Behnke's alleged adverse actions do not qualify under either of the doctrine's exceptions.

Begin with the first exception—an ongoing series of discriminatory acts. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–14 (2002), defines this exception. In *Morgan*, the Supreme Court held that an "ongoing series of discriminatory acts" does not include *discrete* discriminatory acts. *Id.* at 113. Indeed, a "[plaintiff] can only file a charge to cover discrete acts that 'occurred' within the appropriate time period." *Id.* at 114. As a result, this exception applies only to actions characteristic of a hostile work environment claim. *See Chapa*, 2014-Ohio-897, ¶ 100. Thus, the question becomes whether the alleged retaliatory actions are discrete or characteristic of a hostile work environment claim.

'Discrete acts' are typically "easy to identify" because they are separate actionable practices. *Morgan*, 536 U.S. at 114. Examples include termination, failure to promote, denial of transfer, or a refusal to hire. *Id.* Meanwhile, hostile work environment claims are "different in kind." *Id.* They involve "repeated conduct" and "cannot be said to occur on any particular day." *Id.*

This case involves discrete acts. Ms. Behnke argues that she continues to suffer from Anheuser's write-up and removal of her union steward duties. (ECF No. 16, PageID 110.) However, these are singular actions with a particular date of occurrence and are not repeated conduct. After all, Anheuser did not continue to issue write-ups or strip more of her duties. At most, Ms. Behnke can only be said to suffer from the effects of past violations. And "present effects of past violations do not trigger [the] continuing violations exception." *See, e.g.*, *State ex rel. Nickoli v. Erie MetroParks*, 124 Ohio St.3d 449, 2010-Ohio-606, 923 N.E.2d 588, ¶ 32. Thus, the alleged adverse actions are discrete actions that fall outside the bounds of the first exception.

The second exception—a long-standing policy of discrimination—is addressed in *E.E.O.C. v. Penton Indus. Pub. Co.*, 851 F.2d 835, 838 (6th Cir. 1988). *Penton* holds that a "plaintiff must clearly demonstrate some 'over-arching policy of discrimination,' and not merely the occurrence of an isolated incident of discrimination." *Id.* at 838 (citing *Janikowski v. Bendix Corp.*, 823 F.2d 945, 948 (6th Cir.1987)). To do so, a plaintiff "must establish that some form of intentional

7

discrimination against the class of which plaintiff was a member was the company's 'standing operating procedure'." *Id.*

Ms. Behnke has not alleged such a policy. Her Complaint is devoid of allegations that Anheuser retaliated against other similarly situated individuals or that it had a formal policy of retaliating against those receiving workers' compensation. Instead, it establishes only that this case involves an isolated incident of an employee, in her situation, facing retaliation. Allegations of an isolated incident are inadequate to invoke the long-standing policy of discrimination exception. *Sharpe*, 319 F.3d at 269.

Therefore, the continuing violation doctrine does not save Ms. Behnke's § 4123.90 claims.

### 2. Ms. Behnke's reference to other adverse actions is untimely.

Finally, Ms. Behnke argues that her Complaint includes other adverse actions that occurred within the one-hundred eighty-day filing period. (ECF No. 16, PageID 110.) For example, she cites a "Transfer Rejection" that occurred on or about May 4, 2021. (*Id.*) But Ms. Behnke overlooks § 4123.90's requirement of notice to her employer within ninety-days of an alleged retaliatory act. *See* OHIO REV. CODE ANN. § 4123.90 (West). Her Complaint does not allege that she provided such notice. In fact, the only notice Ms. Behnke alleges to have provided to Anheuser occurred on or around February 8, 2021—three months *before* the alleged retaliatory act. As a result, a claim including these actions still possesses a jurisdictional defect requiring dismissal.

## IV. WORKER'S COMPENSATION RETALIATION CLAIM AGAINST TEAMSTERS

Ms. Behnke's Complaint also asserts a workers compensation retaliation claim against Joe Spahr, a Business Agent employed by Teamsters. (ECF No. 1, ¶ ¶ 130, 142, 225-233.) Ms. Behnke asserts Mr. Spahr's retaliatory conduct took place the same time as Anheuser's did. (*Id.*, ¶ ¶ 127-142, 225-233.)

While Teamsters did not move to dismiss this claim, dismissal appears proper for the same reasons discussed above. Accordingly, Ms. Behnke is **ORDERED** to show cause why her workers compensation retaliation claim against Teamsters should not be dismissed within seven days of this Opinion and Order. Teamsters may file a response within seven days thereafter.

Ms. Behnke is **WARNED** that failure to timely show cause will result in this claim being **DISMISSED WITH PREJUDICE**.

## V. CONCLUSION

Anheuser's Motion to Dismiss Count V of Ms. Behnke's Complaint for failure to state a claim is **GRANTED**. (ECF No. 14.)

Ms. Behnke shall show cause as to her workers compensation retaliation claim against Teamsters within seven days of this Opinion and Order. Teamsters may respond within seven days thereafter. No reply will be permitted.

    **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**